UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 25-cr-32 (ACR) |
| JAMES KRETCHMAR, | |
| Defendant. | |

STATEMENT OF OFFENSE IN SUPPORT OF
DEFENDANT JAMES KRETCHMAR'S PLEA OF GUILTY

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendant James Kretchmar's Plea of Guilty to Count One of the Indictment charging him with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).

I.  **The Penalties**

A violation of 18 U.S.C. § 2252(a)(2) carries a mandatory minimum sentence of five (5) years of imprisonment and a maximum sentence of 20 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

II.  **The Elements of the Offense**

To prove that the defendant is guilty of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), the government must prove beyond a reasonable doubt that:

(1) The defendant knowingly distributed a visual depiction using any means or facility of interstate commerce;

(2) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) Such visual depiction was of a minor engaging in sexually explicit conduct;

(4) The defendant knew that such visual depiction was of sexually explicit conduct and knew that at least one of the person engaged in sexually explicit conduct in such visual depiction was a minor.

### III. Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

### Factual Background

On Wednesday, April 3, 2024, an on-line covert employee ("OCE") assigned to the Federal Bureau of Investigation ("FBI") and Metropolitan Police Department ("MPD") Child Exploitation and Human Trafficking Task Force ("CEHTTF") was monitoring a public Kik group called "Matt is my hero - #matt94"[1] (hereinafter "KIK Group") from an office in Washington, D.C. This Kik group was dedicated to trading child sexual abuse material. The OCE observed several group members distributing child pornography both within the group and in private messages to the OCE.

---

[1] The OCE joined this Kik group because he understood the words "Matt" and "Matt94" were commonly used by individuals with a sexual interest in infants and toddlers. "Matt" is a reference to a man named Matthew Estes who was arrested for violently sexually assaulting a toddler boy and recording several of these rapes. The recordings are called "Matt vids" and the series is commonly shared among individuals who are interested in the sexual exploitation of infants or toddlers. Individuals with an interest in this material often use variations of Matthew Estes' name, or his high school football jersey number (94), or the football emoji, to signal that the content that they are seeking or sharing is includes child sexual abuse material depicting infants or toddlers.

On April 4, 2024, at approximately 4:19 pm, the defendant joined the KIK Group and stated, "Heyyyy 33 m US gay perv here." A member of the group asked if he wanted to trade and the defendant stated, "I would but honestly I don't have any content sadly."

On April 6, 2024, at approximately 3:23 pm, another member of the group shared several videos containing child sexual abuse material to the group, after which, a different group member shared another CSAM video. The Defendant then posted, "What's up pervs."

On April 21, 2024, at approximately 11:46 am, the defendant messaged the group, "Hi pervs" and another user responded, "hello im 16." Other group users posted questions and comments including one message asking, "Got a lilbro?" The defendant posted the comment, "I like boy penis and butt hehe…And I love when they flaunt it." He then posted an image of an adult male's erect penis to which another group member commented, "should be balls deep in a boys mouth." The Defendant replied, "Mmmhmmm." The defendant then posted two additional images of an erect penis and stated, "Needs a boy."

On April 24, 2024, at approximately 4:26 pm, a group member asked, "Any of you got lil brothers" and the defendant responded, "Same I wish." The defendant then shared an encryption key for Session to the group and stated, "My session ID if anyone wants to chat."

On April 18, 2024, at approximately 5:04 pm, the defendant direct messaged the OCE and said, "Hey…33 US m gay perv here…Into young boys." The OCE and the defendant continued to exchange direct messages from April 22, 2024, until May 9, 2024.

On May 9, 2024, the defendant stated to the OCE in a direct message, "Wish I had some boy content hehe" and the OCE asked, "Yah. You can't find any?" The defendant stated, "Not really" and then forwarded the link:

https://mega.nz/folder/h7EyjYBT#y8T435_Ioqd6wN5B87MlzQ, and stated "This is the only link I have."

The OCE reviewed the contents of the link and found that it contained four hundred (400) video files depicting boys engaged in sexual acts, sexual contacts, and/or lewd / lascivious displays of their genitals. For example:

- **VID_03.mp4** – a 1 minute 24 second video depicting a prepubescent boy being orally penetrated by an older male's erect penis
- **VID_05.mp4** – a 12 minute 13 second video depicting a prepubescent boy removing his pants and underwear, exposing his erect penis to the camera, and masturbating his erect penis with his hand.
- **VID_16.mp4** – a 3 minute 27 second video depicting a prepubescent boy lying in a bed with an older minor boy, laying on top of the older boy, and then being orally penetrated by the older boy's erect penis.

The defendant asked the OCE if he had anything in return and stated, "I've already seen that link a million times lol." The OCE stated "I do some live stuff with my son if people are down" and the defendant responded, "Fuck ya I'm down! I don't hold anything either. Too risky. So whatever you send will get deleted." The OCE said, "Oh nice. So I can trust you." And the defendant responded, "Yes you can hehe. How old is your son?" The OCE told the defendant that his purported son was ten years old and indicated he had been "active" since his purported son was "tiny." The OCE then added, "I'm open to sharing with trusted friends though." The defendant responded, "Oh I swear you can trust me. I'll even prove to you that I deleted everything once the conversation is over and I blow my load to it."

The defendant told the OCE that he was from Orlando, Florida, near Disney and added that he has an "AP" to Disney World, which the OCE understood to mean "annual pass." Regarding Disney World, the OCE stated, "So many young asses to watch there," and the defendant replied,

"Yes there are…And every once in awhile [sic] I'll get lucky and see them peeing in the bathrooms with their bare butts exposed."

The defendant sent the OCE an image of his erect penis and added, "wish your son were riding it hehe." The defendant asked the OCE, "…Have you ever seen him play with another man or boy?" The OCE responded that he hadn't but was interested in meeting with another man to engage in sexual acts with the child. The defendant asked when the OCE would see his son again and later stated, "You're always welcome to come visit me with your son."

The OCE asked if they could visit Disney and told the defendant that he would have to make it worth his while. The defendant stated that he is not "financially stable" and the OCE stated, "Split the hotel? Have a fun little time together with 'our son.'" The defendant responded, "Mmmmm fuck ya!."

The defendant asked the OCE for photos of the OCE's purported son and assured him, "I swear I'll delete." The OCE told the defendant that he might be willing to share images of his purported son "As long as you're legit and not a flake." The defendant responded, "Im married to a guy who's not into this and if he finds out he'd cut my balls off…So I keep secrets from him…And my parents and siblings of course don't know I'm a pedo…So trust me I'm not a flake I'm legit."

The defendant sent the OCE two images of himself and his husband and then sent a live custom image of himself in an apparent effort to build trust with the OCE.

On May 14, 2024, the OCE told the defendant that he could do a "little treat" for the defendant and asked him, "Tell me what you'd want." The defendant responded, "Mmmmm yes please…Any nude pic or fun pic of you and/or your son." The defendant later added, "Maybe you have one of him sitting on your lap….You with him now??...Or one of him stripping hehe…Or if

you stripping him hehe." The OCE told the defendant, "No limits here" and the defendant responded, "Mmmmmm fuck ya!...I wanna see you pants him...My dick is so hard now." The defendant forwarded a photograph of his erect penis to the OCE and stated, "I wanna see his smooth little butt hehe....Sooo hotttt."

On June 21, 2024, at approximately 5:21 pm, the defendant sent the OCE a second MEGA link https://mega.nz/folder/EqN2wQbI#HOaSQiYAjA7j9KhJlMxUBA. The OCE reviewed the link and found that it contained several videos of pubescent boys engaged in sexual acts, sexual contacts, and/or lewd / lascivious displays of their genitals.

From April 4, 2024, through June 21, 2024, the OCE observed that the defendant had remained active in the Matt is my Hero Kik group and was regularly posting images of his own penis, expressing an interest in the sexual exploitation of children, and attempting to communicate with other users on Session. During this time, the defendant posted the following in the group:

- "Favorite ages are 4 to 11 but I like all;"
- "I need a boy badly,"
- "Need some boys," and
- "Anyone have any boy content? I have none sadly. Looking for something to make my dick hard hehe,"

The defendant was arrested on February 14, 2025, at a car dealership near his home in Winter Garden, Florida. After his arrest, the defendant waived his *Miranda* rights and gave a voluntary interview with the FBI. During the interview, the defendant admitted that he used the Kik application on his iPhone 14 to receive, distribute, and possess child sexual abuse material. He stated that the last time he had received and distributed CSAM was the day before his arrest. He further stated that he had been watching CSAM since 2019. He explained that child sexual

abuse material is a fetish of his, and that said that he prefers to watch sexual abuse material depicting boys ages five and up.

Respectfully submitted,

*[signature]*

Karen Shinskie
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 6/30/25                              *[signature]*

                                           James Kretchmar

Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 6/30/25

Alexis Gardner, Esq.
Attorney for Defendant